NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK C. FERMIN,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1680

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6419, Senior Judge William A. Moorman.

---

Decided: August 4, 2020

---

FREDERICK C. FERMIN, San Antonio, TX, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————

Before PROST, *Chief Judge,* MOORE and STOLL, *Circuit Judges.*

PER CURIAM.

Frederick Fermin appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' finding of no CUE in its prior denial of his request for an earlier effective date. *See Fermin v. Wilkie*, No. 18-6419 (Vet. App. Jan. 28, 2020). Because we lack jurisdiction, we *dismiss.*

### BACKGROUND

Mr. Fermin served on active duty in the U.S. Army from March 1941 to September 1945 and from May 1946 to February 1947. He was granted service connection for spinal arthritis, rated noncompensable, effective February 6, 1947. His condition retained that rating and in June 1961, the Board denied his request for a rating increase, finding insufficient evidence to support a compensable rating.

In 1967, the Veterans Affairs Regional Officer (RO) granted Mr. Fermin a compensability rating of 20 percent for his spinal condition. The compensability rating was reduced back to noncompensable in 1975, but the RO later increased it back to 20 percent, effective October 1982. In April 2005, the RO discontinued the 20 percent rating, instead granting separate 10 percent ratings for traumatic arthritis of the lumbar spine and traumatic arthritis of the cervical spine, each effective October 14, 2004. Mr. Fermin appealed the decision to the Board. In May 2006, the Board denied Mr. Fermin's appeal and in September 2006, the Board denied Mr. Fermin's motion that there was clear and unmistakable error (CUE) in its May decision. Mr. Fermin appealed the Board's September 2006 decision to the Veterans Court.

The parties filed a joint motion to terminate the appeal with a stipulated agreement that: (1) "restor[ed] the single 20% evaluation for traumatic arthritis of the lumbar and cervical spines, effective from October 14, 2004," and (2) that Mr. Fermin's "pending appeal . . . shall be terminated, with prejudice, as to all issues addressed in the September 27, 2006 [Board] decision following execution of this agreement." J.A. 3. The Veterans Court granted the joint motion to terminate the appeal, and the RO implemented the terms of the stipulated agreement.

While Mr. Fermin's appeal of the Board's September 2006 decision was pending in front of the Veterans Court, and prior to the stipulation, Mr. Fermin filed another claim for an increased rating for his cervical spinal arthritis and requested it be effective as of August 1957 based on a physician's letter. In August 2008, the RO granted a 20 percent rating for traumatic arthritis of the lumbar spine and a separate 10 percent rating for traumatic arthritis of the cervical spine, effective March 28, 2008. Mr. Fermin appealed, and the Board in November 2011 awarded a 20 percent rating for cervical spine arthritis.

The November 2011 Board decision referred the issue of an earlier effective date for traumatic arthritis of the cervical spine to the agency of original jurisdiction. In March 2016, the RO denied entitlement to an earlier effective date for cervical spine traumatic arthritis. Mr. Fermin appealed. Mr. Fermin also filed a motion for CUE with respect to the November 2011 Board decision. In December 2016, the Board found CUE in the November 2011 Board decision due to the Board's failure to consider an effective date of April 26, 2007 for traumatic arthritis of the cervical spine. The Board revised the November 2011 Board decision accordingly to reflect an effective date of April 26, 2007 for that disability. Mr. Fermin appealed the Board's December 2016 decision to the Veterans Court, which remanded that decision for the Board to consider whether the

August 1957 physician's letter constituted an informal request for an increased rating for that disability.

In November 2018, the Board denied Mr. Fermin's request for an effective date earlier than April 26, 2007, finding no CUE in its November 2011 decision. The Board found that no claim prior to the March 2008 claim remained pending after the 2006 stipulated dismissal. It also rejected Mr. Fermin's allegations that the August 1957 letter had been fraudulently concealed. J.A. 4. Mr. Fermin appealed that denial to the Veterans Court, arguing the Board erred by finding that the August 1957 letter raising an informal claim was not still pending when the Board issued its November 2011 decision. The Veterans Court affirmed the Board's finding of no CUE. It explained that Mr. Fermin "ha[d] presented no specific argument demonstrating that the Board erred when it found that no August 1957 claim remained pending prior to 2008 because any such claim was terminated by the settlement agreement approved by the Court." J.A. 7. Mr. Fermin appeals the Veterans Court's decision.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The Veterans Court's affirmance of no CUE in the Board's finding that Mr. Fermin's 1957 claim did not remain pending after March 2008 is a factual determination not within our jurisdiction. The Board found that "[a]ny

informal claim for an increased rating for arthritis of the spine raised by an August 15, 1957 medical record was finally decided by the Board in [] June 1961." J.A. 19. The Veterans Court found that:

> Even assuming, without deciding, that Mr. Fermin's August 1957 claim had not been explicitly adjudicated by the Board in June 1961 and had remained pending until 2008 . . . any such pending claim would have been encompassed by the settlement agreement, wherein the parties agreed that "all issues" associated with the cervical arthritis increased rating claim addressed in the September 2006 Board decision, including the issue of an earlier effective date of August 1957, would be "terminated, with prejudice."

J.A. 7. We do not have jurisdiction to revisit these determinations by the Veterans Court.

Mr. Fermin argues that the Secretary of Veterans Affairs failed to comply with the Veterans Court's Rules of Practice and Procedure by not inserting into the record certain documents, including VA hospital records. Mr. Fermin has not identified a legal error over which we would have jurisdiction.

Mr. Fermin further argues that the Veterans Court erroneously failed to enforce 18 U.S.C. § 1035 and 38 U.S.C. § 7265 based on the alleged concealment of VA hospital medical records that would support an earlier effective date. As an initial matter, we do not agree with Mr. Fermin's argument that the alleged failure to enforce these statutes is a constitutional issue by the Veterans Court subject to our review. We also find there is no legal interpretation of these statutes by the Veterans Court that would be subject to our appellate review. The Board rejected Mr. Fermin's concealment argument, finding that "there is no evidence of record suggesting that the August 15, 1957 treatment record or the August 1959 rating

decision were concealed from [Mr. Fermin]." J.A. 28. The Veterans Court found that Mr. Fermin did not adequately develop a fraudulent concealment argument sufficient to warrant consideration. Mr. Fermin has not identified anything in the Board's or Veterans Court's determinations that is not merely application of law to facts. We lack jurisdiction to review such findings.

## CONCLUSION

We have considered Mr. Fermin's remaining arguments and find that they do not raise issues within our jurisdiction. Because we lack jurisdiction over Mr. Fermin's appeal, we *dismiss*.

## DISMISSED

## COSTS

No costs.